Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF0246-08 |
| | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Defendant's Motion In Limine to Compel |
| | ) Discovery) |
| | ) |
| MANNIX FRANK SONGENI, | ) |
| Defendant. | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 6, 2009, for a hearing on Mannix Frank Songeni's ("Defendant") Motion In Limine to Compel Discovery. Attorney Pablo M. Aglubat appeared on behalf of Defendant. Attorney Sally Tobin appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On November 3, 2009, Defendant filed an Motion In Limine to Compel Discovery. Defendant argued the People has not provided a record of the statements of witness under the discovery statutes. Defendant's Motion In Limine (November 3, 2009). The Court did not

receive an opposition from the People, but the People did orally oppose Defendant's motion at the hearing. The Court now addresses Defendant's Motion In Limine to Compel Discovery.

## DISCUSSION

Defendant argued the People failed to provide a record of statements made when interviewing witnesses, more particularly Oropa Weires, Asako Micky and others. Id. Defendant seeks statements made during the period of October 26, 2009 through October 30, 2009. Id. The prosecuting attorney must disclose "the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement." 8 G.C.A. § 70.10(a)(1). Furthermore, the prosecuting attorney must provide to the defense "any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office." 8 G.C.A. § 70.10(b). The prosecuting attorney has an obligation to tender to the defense "any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor." 8 G.C.A. § 70.10(a)(7).

Defendant correctly pointed out the People's discovery obligations. The People argued that they have complied and continue to comply with their discovery obligations under 8 G.C.A. § 70.10. The People have tendered a witness list to Defendant in compliance with 8 G.C.A. § 70.10(a)(1), but stated there were no written or recorded statements by any of the witnesses. Motion Hearing at 2:16 – 2:17 p.m. (November 6, 2009). Attorney General investigator Albert Manley's report of an interview that occurred on October 30, 2009, was provided on November 3, 2009 in compliance with 8 G.C.A. § 70.10(b). Id. The People stated that there are no inconsistent statements made by witnesses that may be used for impeachment purposes. Id. at 2:20 – 2:21 p.m.. The Court determines that the People have complied with 8 G.C.A. § 70.10.

Therefore, the Court will deny Defendant's Motion In Limine to Compel Discovery.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion In Limine to Compel Discovery.

**SO ORDERED** this _18_ day of _NOV_, 2009.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

NOV 18 2009

*Enrique F. Aflague, Jr.*
Deputy Clerk, Superior Court of Guam

The People of Guam vs. Mannix Frank Songeni, CF0246-08
Decision and Order – Motion In Limine to Compel Discovery

Page 3 of 3